**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARNELL RAY LEWIS, JR.,** | : | **CIVIL ACTION NO. 1:26-CV-669** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **DR. PETER BADDICK, *et al.*,** | : | |
| | : | |
| **Defendants** | : | |

# MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that one defendant, a doctor in a state prison, violated his rights by providing deficient medical care for his inguinal hernia, and that the other defendant, a medical devices manufacturing company, manufactured a defective mesh product that was used in the eventual treatment of the hernia. Defendant Baddick has moved to dismiss the complaint. The motion will be granted, plaintiff's deliberate indifference claim against Baddick will be dismissed, and the court will decline to exercise jurisdiction over plaintiff's remaining state law claims.

## I. Factual Background & Procedural History

Plaintiff, Darnell Ray Lewis, Jr., filed this case on March 2, 2026, and the court received and docketed his complaint on March 16, 2026. (Doc. 1). Lewis is currently incarcerated in Houtzdale State Correctional Institution ("SCI-Houtzdale"), but was incarcerated in Frackville State Correctional Institution ("SCI-Frackville") at all relevant times.

According to the complaint,[1] Lewis attended a sick call appointment with defendant Baddick, a doctor in SCI-Frackville, on December 19, 2023, with complaints of pain and a burning sensation in his pelvic area. (Id. ¶ 110). Lewis allegedly asked for pain medication, but Baddick purportedly refused his request. (Id.) Dr. Baddick stated that he believed the pain was being caused by a left inguinal hernia and ordered an ultrasound. (Id. ¶ 111). The ultrasound was performed at SCI-Frackville on January 4, 2024. (Id. ¶ 112). After this appointment, Lewis purportedly made "repeated request[s]" for pain medication through "sick calls, request slips, and grievances" on unspecified dates. (Id. ¶ 113).

Dr. Baddick subsequently reviewed the ultrasound results and concluded that Lewis had a left inguinal hernia. (Id. ¶ 114). Lewis asked Baddick for pain medication and a hernia belt, but Baddick purportedly refused both requests. (Id.) Baddick referred Lewis for hernia surgery. (Id. ¶ 115). After this appointment, Lewis filed a request slip on January 22, 2024, complaining that his hernia was "popping in and out" and asking for a hernia belt and pain medication. (Id. ¶ 117). Baddick purportedly refused the requests. (Id.) Baddick prescribed three days' worth of Motrin and Tylenol for Lewis's pain, but did not prescribe a hernia belt. (Id.) The complaint alleges that Lewis remained in pain for 50 days without medication prior to his surgery. (Id.) The complaint alleges that Baddick's refusal to prescribe a hernia belt or adequate pain medication and delay in treating Lewis

---

[1] In the interest of judicial economy, the court only summarizes the factual allegations pertaining to defendant Baddick because the other defendant has not been served with process and has not responded to the complaint.

constitutes deliberate indifference to a serious medical need in violation of the Eighth Amendment. (Id. ¶ 118). The court also liberally construes the complaint as advancing a state law malpractice claim against Baddick. The complaint additionally advances state law claims for strict liability, negligence, breach of an implied warranty, breach of an express warranty, and negligent misrepresentation against Covidien LP/Medtronic ("Covidien"), the manufacturer of the hernia mesh that was ultimately used in the surgery to repair Lewis's hernia. The court directed the Clerk of Court to serve both defendants with waiver of service forms on April 14, 2026. (Doc. 8). On June 5, 2026, Lewis filed copies of his medical records, and asked that the Clerk of Court "please (add) [the exhibits] to my complaint." (Docs. 18–19).

Defendant Baddick moved to dismiss the complaint on June 12, 2026. (Doc. 22). Relying on the medical records that Lewis filed as an exhibit to his complaint, Baddick argues that the records show that he was not deliberately indifferent to a risk of harm to Lewis. (Doc. 23 at 6–13). Baddick additionally argues that the complaint should be dismissed as untimely and that the claims against him are not properly joined to the state law claims against Covidien. (Id. at 13–15). On July 7, 2026, Lewis filed a motion to compel service of Covidien by the United States Marshals Service. (Doc. 27). He then filed a motion for a more definite statement in the motion to dismiss on July 10, 2026. (Doc. 29).

On August 18, 2026, Lewis filed an amended complaint. (Doc. 31). Because the amended complaint was filed in violation of Federal Rule of Civil Procedure 15, the court struck it from the record on August 28, 2026, and ordered that the original

complaint would remain Lewis's operative pleading. (Doc. 33). Lewis additionally filed a brief in opposition to the motion to dismiss on August 21, 2026. (Doc. 32). The motion to dismiss is ripe for the court's review.

## II. Medical Records

Because Baddick's motion seeks dismissal largely based on Lewis's medical records, the court will briefly summarize those records. The records may be considered in resolving the motion to dismiss because they are exhibits that the plaintiff has attached to his complaint. Pension Benefit, 998 F.2d at 1196.

The medical records show that on December 19, 2023, Baddick examined Lewis for a complaint of a possible hernia. (Doc. 23-2 at 129).[2] Lewis told Baddick that the hernia occasionally became more painful. (Id.) Baddick noted that there were no obvious signs of a hernia on examination. (Id.) Baddick referred him to a surgeon for an examination for a possible hernia. (Id. at 130).

On January 3, 2024—one day after the complaint states that Baddick ordered an ultrasound for Lewis—Baddick examined Lewis and noted that he expressed only mild discomfort from the hernia. (Id. at 145). Baddick's assessment noted that no medication was needed. (Id. at 146). On January 13, 2024, Baddick wrote an entry in Lewis's records indicating that he had reviewed Lewis's ultrasound results and would schedule an appointment with him to review them. (Id. at 144).

---

[2] The court cites to the copy of the medical records included with defendant Baddick's motion to dismiss. Both parties have produced copies of the medical records and rely on them.

On January 22, 2024, Baddick entered a note in Lewis's records indicating that he had met with Lewis on January 19, 2024 to discuss the ultrasound results and that he had referred him to surgery for the hernia. (Id. at 141). Baddick's notes indicated that Lewis was in no acute medical distress. (Id.) Baddick saw Lewis again on February 6, 2024 and prescribed pain medication for his worsening pain. (Id. at 138). On February 14, 2024, Lewis was examined by surgeons at Geisinger Medical Center. (Id. at 72). He was subsequently scheduled for surgery.

## III. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130–31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131–32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## IV. Discussion

### A. Deliberate Indifference

Plaintiff brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284–85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "A plaintiff's mere disagreement as to the proper medical treatment" is not sufficient to support a deliberate indifference claim. Lanzaro, 834 F.2d at 346.

The deliberate indifference standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients," and courts must accordingly "'disavow any attempt to second-guess the propriety or adequacy of their particular course of treatment' so long as it 'remains a question of sound professional judgment.'" Pearson v. Prison Health Serv., 850 F.3d 526, 538 (3d Cir. 2017) (quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)). A claim that "a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Id. (quoting Estelle, 429 U.S. at 106). Thus, claims that a physician has "inadequately diagnosed and treated" a plaintiff's medical condition does not amount to a violation of the Eighth Amendment if the physician was exercising his professional judgment in his diagnosis and treatment. Id.

Although plaintiff's complaint could have initially been liberally construed as alleging deliberate indifference to a serious medical need by defendant Baddick, there is no plausible way to conclude that Baddick was deliberately indifferent when the complaint is viewed alongside the medical records that Lewis belatedly filed as an exhibit to the complaint. The records clearly show that Baddick

responded promptly and appropriately to all of Lewis's complaints regarding his hernia, gave Lewis pain medication when he it deemed medically warranted to treat the pain, promptly scheduled Lewis for an ultrasound to confirm his initial diagnosis of a hernia, and promptly scheduled Lewis for surgery to fix the hernia after doing so. There is simply no basis to conclude on these facts that Baddick was deliberately indifferent to a serious medical need. At most, the complaint alleges a simple disagreement as to whether a hernia belt was needed for the period before Lewis received surgery to correct his hernia. On the most charitable reading of the complaint, this decision could possibly be construed to allege negligence, but certainly does not constitute deliberate indifference to a serious medical need. Thus, the court will dismiss the deliberate indifference claim for failure to state a claim upon which relief may be granted.

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Here, the court will deny leave to amend as futile because Lewis's deliberate indifference claim plainly fails as a matter of law.

**B. State Law Claims**

Having decided that Lewis's federal claim is appropriately dismissed, the court will decline to exercise jurisdiction and dismiss the amended complaint to the extent it asserts a state law malpractice claim against defendant Baddick and to the extent that it asserts state law claims for strict liability, negligence, breach of an

implied warranty, breach of an express warranty, and negligent misrepresentation against Covidien.

United States District Courts may only exercise subject matter jurisdiction over state law claims if the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 or if the court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Diversity jurisdiction is not present in this case because it requires the plaintiff and all defendants to be citizens of different states and the amount in controversy to exceed $75,000, and the plaintiff and defendant Baddick are both citizens of Pennsylvania. Thus, this court may only exercise subject matter jurisdiction pursuant to its supplemental jurisdiction under Section 28 U.S.C. § 1367.

Section 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c). "In the ordinary course, 'where the claims over which the district court has original jurisdiction are dismissed before trial, the district court *must* decline to decide the pendent state claims. . . . But it need not do so where considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" North Sound Capital LLC v. Merck & Co., Inc., 938 F.3d 482, 494 (3d Cir. 2019) (cleaned up) (quoting Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)).

In this case, it does not appear that any considerations of judicial economy, convenience, or fairness to the parties would justify deviating from the ordinary

course of declining to exercise jurisdiction over Lewis's remaining state law claims. The court will accordingly decline to exercise jurisdiction over any state law claims asserted in the complaint and dismiss them without prejudice. See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009) ("If a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits." (quoting Figueroa v. Buccaneer Hotel Inc., 188 F.3d 1728, 182 (3d Cir. 1999))).

## V. Conclusion

The motion to dismiss is granted.[3] Lewis's deliberate indifference claim against Baddick will be dismissed with prejudice, his state law claims against all defendants will be dismissed without prejudice, and this case will be closed. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: October 30, 2026

[3] Lewis's motion for a more definite statement will be denied. His opposition brief plainly shows that he was able to clearly understand defendants' arguments for dismissal. His motion to compel service of process on Covidien will be denied as moot given that the court is declining to exercise jurisdiction over all claims against Covidien.